An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

PRISCELLA RENITA SAINTAL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60802

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

On appeal from the denial of her May 6, 2010, petition, appellant argues that the district court erred in denying her claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10502

application of the law to those facts de novo. <u>Lader v. Warden</u>, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that her trial counsel was ineffective for failing to investigate and present testimony from her sister and her husband. Appellant fails to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Counsel testified at the evidentiary hearing that he attempted to locate both individuals with the contact information provided by appellant, but was unsuccessful in his attempts to locate them. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel investigated these potential witnesses further. <u>See</u> <u>Molina v. State</u>, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim.

Second, appellant argues that her trial counsel was ineffective for failing to investigate appellant's mental health to determine her competency and for mitigation purposes at the sentencing hearing. Appellant asserts she took medication and was shaking during trial, which she alleges indicated that she had a mental hardship. Appellant fails to demonstrate her trial counsel's performance was deficient or that she was prejudiced. Counsel testified at the evidentiary hearing that they had no concerns regarding appellant's mental health and that she was very active in aiding in her defense. That appellant used medication and shook during trial is insufficient to demonstrate that she did not have the ability to consult with her attorney with a reasonable degree of rational understanding and that she did not have a factual understanding of the proceedings against her. <u>See</u> <u>Melchor-Gloria v. State</u>, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing <u>Dusky v. United States</u>, 362 U.S. 402, 402

(1960)). Appellant fails to demonstrate a reasonable probability of a different outcome at trial or at the sentencing hearing had further investigation of her mental health or mitigation evidence been performed as appellant fails to demonstrate what further investigation would have uncovered. See Molina, 120 Nev. at 192, 87 P.3d at 538. Therefore, the district court did not err in denying this claim.

Third, appellant argues that her trial counsel was ineffective for incorrectly advising her regarding the habitual criminal enhancement, as appellant believes she may have received a lesser sentence through a plea deal had she been advised differently by counsel. While the record regarding the State's plea offers is not clear, counsel stated at the evidentiary hearing that they believed it was to appellant's advantage to go to trial as the State had erroneously cited to NRS 207.012 rather than NRS 207.010 in the notice of intent to seek treatment as a habitual criminal and appellant was not eligible for enhancement under NRS 207.012. Counsel testified that this strategy was successful until the district court received a decision in a different criminal case from this court which concluded there was no prejudice from a similar error in the notice of intent to seek treatment as a habitual criminal.[1]

Appellant fails to demonstrate that she was prejudiced. Appellant fails to meet her burden to demonstrate a reasonable probability that the outcome would have been different as she fails to

---

[1]This court held on direct appeal that appellant was not prejudiced by the incorrect initial notice of intent as it provided appellant sufficient notice that the State intended to pursue punishment as a habitual criminal. Saintal v. State, Docket No. 49646 (Order of Affirmance, June 30, 2009).

demonstrate that there was a plea offer she would have accepted, that the district court would also have accepted it, and that it would have been less severe than the actual sentence imposed. See Lafler v. Cooper, 566 U.S. ___, ___, 132 S. Ct. 1376, 1385 (2012). Therefore, the district court did not err in denying this claim.

Fourth, appellant argues that the cumulative errors of counsel amount to ineffective assistance of counsel. As appellant fails to demonstrate deficiency or prejudice for any of her claims, she fails to demonstrate cumulative errors of counsel caused her to receive ineffective assistance of counsel. Therefore, the district court did not err in denying this claim.

Having considered appellant's contentions and concluding they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Jerome T. Tao, District Judge
      Nguyen & Lay
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A